IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SHARON BOOTH, )<br>)<br>    Plaintiff, )<br>) Civil Action File<br>vs. ) No. 2:22-cv-00237-RWS<br>)<br>LUMPKIN COUNTY BOARD )<br>OF COMMISSIONERS, )<br>)<br>    Defendant. ) | |

# COMPLAINT

Plaintiff Sharon Booth ("Plaintiff" or "Booth"), by and through counsel, files this Complaint against Defendant Lumpkin County Board of Commissioners ("Defendant" or "Lumpkin County") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of her claims, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff overtime wages during the relevant period, three years prior to the filing of this lawsuit through October 2022. At all times relevant, Defendant

misclassified Plaintiff as exempt from the FLSA's maximum hours provisions, thereby depriving her of overtime compensation for overtime worked.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4. Plaintiff Booth is a resident of Georgia in this judicial district and division.

5. At all times during the relevant period, Defendant employed Plaintiff as a Battalion Chief for the Lumpkin County Fire Department.

6. Defendant Lumpkin County is a municipal corporation and political subdivision of the State of Georgia organized and existing under the Constitution of the State of Georgia.

7. Defendant Lumpkin County can be served through the Chairman of its Board of Commissioners, Chris Dockery at 99 Courthouse Hill, Dahlonega, GA 30533.

8. Plaintiff was engaged in commerce, *i.e.* working as a Battalion Chief and is expressly covered under the overtime provisions of the FLSA pursuant to 29 U.S.C. §§ 203(y), 207(k) and 29 C.F.R. § 541.3(b)(1). Plaintiff is thus subject to individual coverage of the FLSA pursuant to 29 U.S.C. § 207(a)(1).

9. At all relevant times, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

10. At all relevant times, Defendant has continuously been an employer as defined by Section 3(d) of the FLSA 29 U.S.C. § 203(d), and are a "public agency" within 29 U.S.C. § 203(x), all located within the Northern District of Georgia, Gainesville Division.

11. Defendant is and was "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(C).

12. At all relevant times, Defendant has been aware of the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*

12. At all relevant times, Defendant Glynn County is an enterprise, as defined by Section 3(r) of the FLSA 29 U.S.C. § 203(r).

13. Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

14. Plaintiff was employed by Defendant as a Battalion Chief.

15. At all times during her employment, Plaintiff was a non-exempt employee of Defendant.

16. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e)(1).

17. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

18. At all relevant times, Defendant classified Plaintiff as wholly exempt from the FLSA's overtime requirements and failed to pay Plaintiff for hours worked in excess of 212 hours in any given twenty-eight (28) day work period, or in excess of 40 hours in any work week.

**A. Plaintiff's Employment with Defendant.**

19. Defendant hired Plaintiff in approximately September 2008 as a paramedic/firefighter for the Lumpkin County Fire Department.

20. In January 2012, Defendant promoted Plaintiff to Battalion Chief.

21. Plaintiff's employment with Defendant ended in approximately October 2022.

22. While Plaintiff was employed as a Battalion Chief, her primary duties

included fighting fires, rescuing fire and accident victims, and minimizing property damage from accidents and fires.

23. While Plaintiff was employed as a Battalion Chief, she was trained in fire suppression and emergency medical services, had the legal authority and responsibility to engage in fire suppression, was employed by a fire department of a county and was engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment was at risk.

24. As a Battalion Chief, Plaintiff's primary duty was to fight fires, rescue fire and accident victims, and minimize property damage from accidents and fires.

25. In performing her job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee.

26. In performing her job duties for Defendant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

27. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

28. While Plaintiff would direct the work of other firefighters and rescue personnel at the scene of the calls on which she responded, Plaintiff also performed

the work of fire extinguishment and rescue of accident victims.

**B. Plaintiff's Unpaid Overtime.**

29. Defendant paid Plaintiff a flat salary regardless of the amount of hours Plaintiff worked.

30. Defendant denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 212 hours in any given twenty-eight (28) day work period, or in excess of 40 hours in any work week

31. While Plaintiff's schedule varied, she regularly worked in excess of 212 hours in any given twenty-eight (28) day work period, or in excess of 40 hours in any work week.

32. Plaintiff also regularly performed work while not on shift and for which Defendant did not maintain accurate time records. Such work included, but was not limited to, attending a monthly Battalion Chiefs' meeting which lasted approximately four hours on average.

33. Other regular work performed by Plaintiff on days she was not scheduled to work and for which Defendant did not maintain accurate time records included attending meetings, answering phone calls, receiving and sending text messages and emails, serving on "on-call' capacity, completing evaluations and reports, responding to emergencies, scheduling and other tasks.

34. Defendant willfully and/or deliberately failed to pay Plaintiff her earned overtime wages for hours in violation of the FLSA.

35. Defendant maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID OVERTIME

36. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

37. At all relevant times, Defendant was engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

38. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

39. At all relevant times, Defendant was an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

40. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff properly for all overtime hours in violation of the FLSA.

41.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

42.     Plaintiff suffered damages due to Defendant's willful misconduct.

43.     Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A.     An award of compensation for unpaid overtime wages to Plaintiff;

B.     An award of all liquidated damages for unpaid wages to Plaintiff;

C.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D.     Such other and further relief as this Court deems just and proper

Respectfully submitted this November 30, 2022.

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Gordon Van Remmen
Ga. Bar # 215512

300 Galleria Parkway
Suite 300
Atlanta, GA 30339

(404) 876-8100 telephone
(404) 876-3477 facsimile
gordon@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.